# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

     Plaintiff,

     v.

CHRISTIN MANKIN; and
CHRISTY HAYNES,

     Defendants.

CV 223—096

---

CHRISTY HAYNES,

     Counter Claimant,

     v.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

     Counter Defendant.

## ORDER

Before the Court are three motions filed by Plaintiff-Counter Defendant Allstate Fire and Casualty Insurance Company ("Allstate"):  a motion for judgment on the pleadings as to Defendant-Counter Claimant Christy Haynes, dkt. no. 22; a motion to dismiss Haynes's counterclaim, dkt. no. 20; and a motion for default judgment as to Defendant Christin Mankin, dkt. no. 21. For the reasons stated below, the motions are **GRANTED**.

**BACKGROUND**

On September 2, 2022, in Glynn County, Georgia, Defendant Christin Mankin was driving her 2003 Nissan Altima southbound on Altama Avenue in the right lane. Dkt. No. 1 ¶¶ 9, 10; Dkt. No. 15 ¶¶ 9, 10.  As Mankin approached a red light, her brakes allegedly failed.  Dkt. No. 1 ¶ 11; Dkt. No. 15 ¶ 11.  At the same time, Defendant-Counter Claimant Christy Haynes was driving a 2020 Dodge Journey south from Emory Dawson Road; she had two minor passengers in her car.  Dkt. No. 1 ¶ 13; Dkt. No. 15 ¶ 13. Also at the same time, Audrey Easterling was driving her 2015 Chevrolet Malibu 2LT northbound on Altama Avenue with one passenger in her car.  Dkt. No. 1 ¶ 15; Dkt. No. 15 ¶ 15. Mankin t-boned the front passenger side of Haynes's vehicle, causing it to flip over.  Dkt. No. 1 ¶ 14; Dkt. No. 15 ¶ 14. Mankin also impacted the driver-side front-end of Easterling's vehicle.  Dkt. No. 1 ¶ 16; Dkt. No. 15 ¶ 16.

Allstate alleges that, on the day of the accident, it received a call from someone claiming to be the police officer on the scene of the subject accident and requesting the name of the policyholder.  Dkt. No. 1 ¶ 17.  Allstate informed the caller that it could not give out policyholder information.  Id. After the accident, Allstate called Robert Kohlheim, the named insured on the auto policy (Policy No. 931 059 162) for the 2003 Nissan Altima ("the Policy").  Dkt. No. 1 ¶¶ 6, 18; Dkt. No. 15 ¶¶ 6, 18.  Kohlheim indicated he did not own the 2003 Nissan

Altima and did not know Mankin.  Dkt. No. 1 ¶ 18; Dkt. No 15 ¶ 18.

Haynes has made a claim on the Policy, claiming serious injuries as a result of the accident, including transportation from the scene, a fractured left hand that required surgery, and a miscarriage.  Dkt. No. 1 ¶ 19; Dkt. No. 15 ¶ 19; Dkt. No. 22-1 at 2.  Allstate filed this declaratory judgment action on August 11, 2023, seeking a declaration from the Court that it is not obligated to provide coverage, indemnity, or a defense to Mankin under Part I of the Policy, because she is not an "insured person" thereunder.  Dkt. No. 1 ¶ 28.  Mankin has neither filed an answer to Allstate's complaint nor otherwise made an appearance in this action.

Haynes, on the other hand, has filed both an answer to the complaint and a counterclaim.  Dkt. No. 15.  In her counterclaim, Haynes alleges that "Mankin had owned the 2003 Nissan for about two years at the time of the wreck." Id. ¶ 3. Haynes represents that Mankin "believed she had insurance through Allstate," though "[Mankin] did not purchase it herself." Id.  Haynes alleges that Mankin allowed two other people, Chazlyn Brown and Keith Kohlheim, Robert Kohlheim's grandson, to "use her Nissan on the condition that they would purchase insurance for it." Id. ¶¶ 2, 3.  Haynes alleges that Brown "represented to [Mankin] that [Brown] and Keith [Kohlheim] put the vehicle onto Robert Kohlheim's policy with Allstate,"

and that Brown "gave Ms. Mankin a copy of the insurance card so that she would have proof of insurance." <u>Id.</u> ¶ 3.

Haynes alleges that "Allstate had allowed three or four other vehicles to be added to [Robert Kohlheim's] policy for people he did not know and for whom he had not given Allstate permission to be on the policy." <u>Id.</u> ¶ 2. Haynes further alleges that "Robert Kohlheim told Allstate before Ms. Mankin's vehicle was added, that it needed to change its policy and not allow cars to be added to his policy without his permission." <u>Id.</u> However, Haynes alleges that "Robert Kohlheim did allow vehicles belonging to . . . Keith Kohlheim to be added." <u>Id.</u> Haynes seeks a declaration that Allstate is liable for "negligently issuing a[n] insurance card showing that Mankin's vehicle was insured, knowing that it had allowed other vehicles to be improperly added to Robert Kohlheim's insurance policies." <u>Id.</u> ¶ 1. Further, Haynes seeks a declaration that, "as a result of Allstate's negligence, Allstate should be found to insure the Mankin vehicle in the amounts of $250,000/$500,000." <u>Id.</u> ¶ 8.

## DISCUSSION

### I.   Allstate's Motion for Judgment on the Pleadings

First, Allstate moves the Court for judgment on the pleadings against Haynes. Dkt. No. 22. Therein, Allstate argues that Haynes's answer to the complaint "admit[s] all facts necessary to find that [] Mankin does not meet the definition of an insured person." Dkt. No. 22-1 at 3.

### a. Legal Authority

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (quotation marks omitted) (quoting Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." Id. (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).

Federal Rule of Civil Procedure 7(a) defines "pleadings" as complaints, counterclaims, crossclaims, answers, and court-ordered replies to answers. See Fed. R. Civ. P. 7(a). While a court's determination of a motion for judgment on the pleadings is ordinarily limited to a review of such "pleadings," certain documents attached to a complaint may also be considered on such a motion. See Tassinari v. Key West Water Tours, L.C., 480 F. Supp. 2d 1318, 1320 (S.D. Fla. 2007); Fed. R. Civ. P. 10(c). Indeed, the Eleventh Circuit Court of Appeals has recognized that pursuant to the incorporation by reference doctrine, attachments to pleadings may properly be considered on a motion for judgment on the pleadings if the attachments are central to the plaintiff's claim and are undisputed in that their

authenticity is not challenged.  See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

**b. The Policy**[1]

The portion of the Policy at issue in this case involves automobile liability coverage for bodily injury and property damage.  Dkt No. 1-1 at 20.  Part I of the Policy states:

**Part I**

**Automobile Liability Insurance**

**Bodily Injury—Coverage AA**

**Property Damage—Coverage BB**

**Insuring Agreements**
**We** will pay for damages an insured person is legally obligated to pay because of:
1. **bodily injury,** sustained by any person; and
2. damage to, or destruction of, property, including loss of use.

Id. at 20-21.  The Policy's definition of insured persons is as follows:

**Insured Persons**

1. While using **your** insured **auto:**
    a) **You;**
    b) Any **resident;** and
    c) Any other person using it with **your** permission.

2. While using a non-owned **auto:**
    a) **You;** and
    b) any **resident** relative using a four wheel private passenger **auto** or **utility auto.**

3. Any other person . . . liable for the use of an insured **auto** if the **auto** is not owned or hired by

---

[1]  The Policy central to Allstate's claim is attached to Allstate's complaint, and no party has disputed its authenticity.  See Horsley, 304 F.3d at 1134.

this person . . . provided the use is by an inured
person under (1) or (2) above.

Id. at 21.  The Policy defines "you" as "the policyholder named
on the Policy Declarations," i.e. in this case, Robert Kohlheim,
"and [his] resident spouse," id. at 10, 21-22; and the Policy
defines "resident" as someone with "physical presence in [the
policyholder's] household" who has "the intention to continue
living there," id. at 21-22.

Finally, according to the terms of the Policy, a person can
be an insured person while driving an "insured auto" or a "non-
owned auto."  Id.  In that regard, the Policy provides:

**Insured Autos**

1. Any **auto** described on the Policy Declarations and
   the four-wheel private passenger **auto** or **utility
   auto you** acquire during the policy period as a
   replacement.

2. Any additional four-wheel private passenger **auto** or
   **utility auto you** acquire ownership of during the
   policy period.  This **auto** will be covered if **we**
   insure all other private passenger **autos** or **utility
   autos you** own. . . .

3. A substitute four-wheel private passenger **auto** or
   **utility auto**, not owned by **you** or a **resident**, being
   temporarily used while **your** insured **auto** is being
   serviced or repaired, or if **your** insured **auto** is
   stolen.

4. A non-owned four wheel private passenger **auto** or
   **utility auto** used by **you** or a **resident** relative with
   the permission of the owner.  This **auto** must not be
   available or furnished for the regular use of an
   insured person.

   . . . .

Id.

### c. Haynes's Pleadings

In her answer, Haynes admits that Mankin does not meet the Policy's definition of "you" or "resident" to be considered an insured person thereunder. Dkt. No. 15 ¶ 26. Haynes also admits that Mankin "did not need Mr. Kohlheim's permission to drive the 2003 Nissan Altima because it belonged to her." Id. ¶ 27; see also id. ¶ 3.

### d. Allstate's Arguments for Dismissal

Allstate argues that, because Mankin "does not meet the definition of **you**, **resident**, or any person using the vehicle with **your** permission, she does not meet the definition of an **insured person**." Dkt. No. 22-1 at 6. Allstate is correct.

For the Policy to provide coverage to Mankin for Haynes's injuries suffered in the accident, the 2003 Nissan Altima had to be an insured auto or a non-owned auto. Dkt. No. 1-1 at 21-22. If the 2003 Nissan Altima were neither of those two, the Policy would provide no coverage. See id.

Assuming that the 2003 Nissan Altima is an insured auto because it is an "**auto** described on the Policy Declarations," Mankin would have to be either "**you**," "**any resident**," or "any other person using it with **your** permission" to be considered an insured person. Id. at 10, 21. Under the terms of the Policy, Mankin is none of those. "**You** or **Your** means the policyholder named on the Policy Declarations and that policyholder's **resident** spouse." Id. at 22. Mankin is neither the

8

policyholder, Robert Kohlheim, nor his spouse; Haynes admits just that in her answer. Dkt. No. 15 ¶ 26. **"Resident** or **Reside** means the physical presence in **your** household with the intention of living there." Dkt. No. 1-1 at 22. Mankin did not reside in Robert Kohlheim's home; Haynes admits this, too, in her answer. Dkt. No. 15 ¶ 26. Further, Mankin is also not "any other person using it with **your** permission," dkt. no. 1-1 at 21; id. ("**your**" being the policyholder or his resident spouse), because, as Haynes states in her answer, "Mankin did not need Mr. Kohlheim's permission to drive the 2003 Nissan Altima because it belonged to her," dkt. no. 15 ¶ 27. Therefore, if the 2003 Nissan Altima is an insured auto, Mankin does not qualify as an insured person under the Policy.

Assuming the 2003 Nissan Altima is a non-owned auto, Mankin still does not qualify as an insured person under the Policy. To be an insured person while using a non-owned auto, Mankin would have to be "**you**," or "any **resident** relative using a four wheel private passenger auto." Dkt. No. 1-1 at 21. As already discussed, Mankin is neither the policyholder, Robert Kohlheim, nor his spouse; Haynes admits this, as well, in her answer. Dkt. No. 15 ¶ 26. Finally, Mankin did not reside in Robert Kohlheim's home; Haynes admits this, too, in her answer. Id. Therefore, regardless of whether the 2003 Nissan Altima was an insured auto or a non-owned auto, Mankin is not an insured person under the Policy. Indeed, in her response brief, Haynes

states she "does not contend Allstate had a contract of insurance with Ms. Mankin." Dkt. No. 26 at 1.

The Policy provides it will pay for damages only an insured person is legally obligated to pay because of bodily injury and property damage, and it will defend only insured persons sued for covered damages. See Dkt. No. 1-1 at 20-21. Because Mankin is not an insured person under the Policy, Allstate has no duty to provide coverage, indemnity, or a defense to Mankin under Part I of the Policy. Given the admissions Haynes did, and must, make in her pleadings, it is not possible for her to prevail given the clear language of the Policy. Allstate's motion for judgment on the pleadings as to Haynes, dkt. no. 22, is therefore **GRANTED.**

## II.  Allstate's Motion to Dismiss Haynes's Counterclaim

Next, Allstate moves to dismiss Haynes's counterclaim for failure to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### a. Legal Authority

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." Great Am. Assurance Co. v. Sanchuk, LLC, No. 8:10-CV-2568-T-33AEP, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012). Federal Rule of Civil Procedure 8(a) requires that a plaintiff or counterclaimant's complaint contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

**b. Haynes's Counterclaim**

In her counterclaim, Haynes asserts that Mankin had owned the 2003 Nissan for about two years at the time of the accident. Dkt. No. Dkt. No. 15 ¶ 3.  Haynes asserts Mankin allowed Chazlyn Brown and Keith Kohlheim, Robert Kohlheim's grandson, to use her vehicle on the condition that they would purchase insurance for it.  Id. ¶¶ 2, 3.  Haynes asserts Mankin did not know Keith Kohlheim.  Id. ¶ 3.  Haynes asserts Brown represented to Mankin that Brown and Keith Kohlheim put the vehicle on Robert Kohlheim's Allstate Policy, and Brown gave Mankin a copy of the insurance card.  Id.  Haynes further alleges that Mankin would not have operated her vehicle if Allstate had not misled her by issuing a card showing her vehicle was insured with Allstate. Id. ¶ 6.

Haynes alleges that "Allstate had allowed three or four other vehicles to be added to [Robert Kohlheim's] policy for people he did not know and for whom he had not given Allstate permission to be on the policy."  Id. ¶ 2.  Haynes further alleges that "Robert Kohlheim told Allstate before Ms. Mankin's vehicle was added, that it needed to change its policy and not allow cars to be added to his policy without his permission." Id. However, Haynes alleges that "Robert Kohlheim did allow vehicles belonging to . . . Keith Kohlheim to be added."  Id. Haynes seeks a declaration that Allstate is liable for "negligently issuing a[n] insurance card showing that Mankin's

12

vehicle was insured, knowing that it had allowed other vehicles to be improperly added to Robert Kohlheim's insurance policies." Id. ¶ 1. Further, she seeks a declaration that, "as a result of Allstate's negligence, Allstate should be found to insure the Mankin vehicle in the amounts of $250,000/$500,000." Id. ¶ 8.

### c. Allstate's Arguments for Dismissal

Allstate argues Haynes's counterclaim should be dismissed because "Haynes does not have standing to bring a direct claim against [] Allstate." Dkt. No. 20-1 at 2.

### i. Privity of Contract

To the extent Haynes is asserting a claim under the Policy, her claim fails as a matter of law. "As a general rule, a plaintiff cannot bring a direct action against a defendant's insurer because the plaintiff has no privity of contract with the insurer." Mitchell v. Dixie Transp., Inc., No. 1:16-CV-00336, 2019 WL 6137488, at *2 (N.D. Ga. Nov. 19, 2019) (quoting Crisp v. Reg'l Hosp., Inc. v. Oliver, 621 S.E.2d 554, 583 (Ga. Ct. App. 2006)). "So a plaintiff who is not a party to a liability insurance contract typically cannot sue the insurer directly unless (1) the plaintiff has an unsatisfied judgment against an insured of the insurer, (2) the legislature has authorized a direct action against the insurer, or (3) a direct action is permitted by a provision in the insurance policy at issue." Id. (citing Richards v. State Farm Mut. Auto. Ins. Co., 555 S.E.2d 506, 506 (Ga. Ct. App. 2001)). Allstate argues none

of those exceptions applies here.  Dkt. No. 20-1 at 4.  Indeed, Haynes concedes this point, stating she "is not in contractual privity with Allstate and does not claim to be."  Dkt. No. 24 at 3.

### ii. Standing Generally

In her response brief, Haynes attempts to distinguish her counterclaim from those requiring privity of contract.  She states her "claim is based upon the negligence of [] Allstate in providing a proof of insurance card for Ms. Mankin's vehicle. If it had not done so negligently, Ms. Mankin would not have driven her vehicle and would not have caused the wreck."  Dkt. No. 24 at 1.  Allstate argues such a claim is not permitted under Georgia law.  See generally Dkt. No. 20-1.  The Court need not reach that question, however, because Haynes does not have standing to bring a negligence claim against Allstate.

"A federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  Whether a plaintiff has standing under Article III—which limits the cases or controversies a federal court can entertain—directly implicates a federal court's subject matter jurisdiction, and "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims."  Bochese v. Town of Ponce Inlet, 405 F.3d 964,

974 (11th Cir. 2005) (citations and internal quotation marks omitted).

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). If a plaintiff lacks standing, the "case" or "controversy" requirement of Article III, § 2 of the U.S. Constitution is not satisfied, and the case must be dismissed. Koziara v. City of Casselberry, 392 F.3d 1302, 1304 (11th Cir. 2004).

A plaintiff seeking to invoke a federal court's jurisdiction bears the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A plaintiff must show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Koziara, 293 F.3d at 1304 (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000)). Failure to show any one element results in a failure to show standing. Id. (citing Lujan, 504 U.S. at 560).

Here, the element Haynes has not shown is that her injury is fairly traceable to the challenged conduct of Allstate, i.e.,

that it negligently issued an insurance card for Mankin's 2003
Nissan Altima.

"To be sure, traceability is not an exacting standard. It
is 'less stringent' than the tort-law concept of 'proximate
cause,' Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1271 (11th Cir.
2019), meaning the defendant's challenged conduct need not be
'the very last step in the chain of causation' for it to be
fairly traceable to the plaintiff's injury, Wilding v. DNC
Servs. Corp., 941 F.3d 1116, 1126 (11th Cir. 2019) (quotation
omitted)." Walters v. Fast AC, LLC, 60 F.4th 642, 650 (11th
Cir. 2023). "'[E]ven harms that flow indirectly from the action
in question can be . . . "fairly traceable" to that action for
standing purposes.'" Id. (quoting Focus on the Fam. v. Pinellas
Suncoast Transit Auth., 344 F.3d 1263, 1273 (11th Cir. 2003)).

"But the requirement is not toothless. A plaintiff must at
least demonstrate factual causation between his injuries and the
defendant's misconduct." Id. (citing Dep't of Com. v. New York,
588 U.S. ----, 139 S. Ct. 2551, 2566 (2019) ("Article III
requires no more than de facto causality . . . .") (quotations
omitted)). The Eleventh Circuit has held "traceability to be
lacking if the plaintiff 'would have been injured in precisely
the same way' without the defendant's alleged misconduct." Id.
(citing Cordoba, 942 F.3d at 1272). "Thus, under [Eleventh
Circuit] precedents, a plaintiff lacks standing to sue over a
defendant's action 'if an independent source would have caused

him to suffer the same injury.'" Id. at 650-51 (quoting Swann v. Sec'y, Ga., 668 F.3d 1285, 1288 (11th Cir. 2012)).

Here, Haynes asserts in her counterclaim that if Allstate had not negligently issued an insurance card for the 2003 Nissan Altima, Brown would not have been able to give Mankin a copy of the insurance card, Mankin would not have thought she had liability coverage on the vehicle, Mankin would not have operated the vehicle without insurance, and, thus, Mankin would not have been driving the vehicle when its brakes failed and she impacted Haynes's vehicle. See Dkt. No. 15 ¶¶ 3-6. Haynes's proposed line of causation is, at best, tenuous.

Under the "fairly traceable" requirement, the "line of causation" between the alleged conduct and the injury must not be "too attenuated." Debernardis v. IQ Formulations, LLC, 942 F.3d 1076, 1088 (11th Cir. 2019) (quoting Allen v. Wright, 468 U.S. 737, 752 (1984), abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014)). Haynes's theory that, absent Allstate's alleged negligence, Mankin would not have been driving the 2003 Nissan Altima when its brakes failed rests on speculation that Mankin would not have obtained auto liability insurance by some other means and would not have driven the vehicle. Haynes has provided no caselaw to support her argument for standing under these circumstances. Indeed, Haynes's theory takes us "'into the area of speculation and conjecture,' and beyond the bounds

17

of our jurisdiction." <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 158 (1990) (internal citation omitted); <u>see also</u> <u>Clapper v. Amnesty Int'l USA</u>, 568 U.S. 398, 414 (2013) ("We decline to abandon our usual reluctance to endorse standing theories that rest on speculation about the decisions of independent actors."). Because her proposed chain of causation is both attenuated and speculative, the Court holds that Haynes has failed to meet her burden of establishing her injury is fairly traceable to Allstate's alleged misconduct. <u>Lujan</u>, 504 U.S. at 561. As a result, Haynes has not established standing, and the "case" or "controversy" requirement of Article III, § 2 of the U.S. Constitution is not satisfied. Therefore, Allstate's motion to dismiss Haynes's counterclaim, dkt. no. 20, is **GRANTED**, and Haynes's counterclaim is **DISMISSED without prejudice.**

### III. Allstate's Motion for Default Judgment Against Mankin

Finally, Allstate moves for default judgment against Mankin, pursuant to Federal Rule of Civil Procedure 55(b)(2). The record reflects Mankin was served with process on September 8, 2023. Dkt. No. 4. On September 11, 2023, Allstate filed proof of service upon Mankin. <u>Id.</u> Therefore, Mankin's answer was due on September 29, 2023. <u>See</u> Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Mankin has filed no answer. Upon Allstate's motion, the Clerk of Court entered default against Mankin on October 26, 2023. Dkt. Nos. 5, 6. Allstate now moves the Court to enter a default judgment against Mankin, thereby

seeking a declaration that it does not owe coverage, indemnity, or a defense to Mankin under the Policy.  Dkt. No. 21.

### a. Legal Authority

When a defendant fails to file an answer or otherwise defend, a court may enter judgment by default. Fed. R. Civ. P. 55(b)(2).  "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'"  Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Prior to entering default judgment, the Court must investigate the legal sufficiency of the complaint's allegations.  Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).  "[A] default judgment cannot stand on a complaint that fails to state a claim."  Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).  "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim."  Surtain, 789 F.3d at 1245 (citation omitted).  As a result, the Court must determine "whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (alterations adopted and internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "The entry of a default judgment is committed to the discretion of

the district court." <u>Hamm v. DeKalb Cnty.</u>, 774 F.2d 1567, 1576 (11th Cir. 1985) (citations omitted).

### b. Sufficiency of Allstate's Complaint

"After a default is entered against a defendant, he is deemed to have admitted the plaintiffs' well-pleaded factual allegations." <u>Maus v. Ennis</u>, 513 F. App'x 872, 880 (11th Cir. 2013) (citation omitted). Accepting as true the factual allegations in Allstate's complaint, Allstate has "actually state[d] a substantive cause of action and [] there is a substantive, sufficient basis in the pleadings for the particular relief sought." <u>Tyco Fire & Sec., LLC v. Alocer</u>, 218 F. App'x 860, 863 (11th Cir. 2007).

Allstate's complaint includes the relevant provisions from its Policy with Robert Kohlheim. Dkt. No. 1. The Policy is clear that Allstate provides coverage for bodily industry and property damage only to an "insured person." Dkt. No. 1-1 at 20-21. An "insured person" under the Policy is a) "you," meaning "the policyholder named on the Policy Declarations," i.e. Robert Kohlheim, "and [his] resident spouse," <u>id.</u> at 10, 21-22; b) "any resident," meaning someone with "physical presence in [the policyholder's] household" who has "the intention to continue living there," <u>id.</u> at 21-22; and (c) "any other person using [the policyholder's insured auto] with [the policyholder's] permission," <u>id.</u> at 21. As alleged in the complaint, Mankin

does not meet the definition of an insured person under the Policy.  Dkt. No. 1 ¶ 28.

The Court determines that Allstate's complaint "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Surtain</u>, 789 F.3d at 1245 (citation omitted).  Accordingly, entry of default judgment against Mankin is warranted, and Allstate's motion for same is **GRANTED**.

### CONCLUSION

Allstate's motion for judgment on the pleadings as to Haynes, dkt. no. 22, is **GRANTED**.  Allstate's motion to dismiss Haynes's counterclaim, dkt. no. 20, is **GRANTED**, and Haynes's counterclaim is **DISMISSED without prejudice**.  Finally, Allstate's motion for default judgment against Mankin, dkt. no. 21, is **GRANTED**.  There being no claims remaining in this action, the Clerk is **DIRECTED** to enter the appropriate judgment and close this case.

**SO ORDERED**, this 25th day of June, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA